MAID OF THE MIST CORPORATION and Affiliated Corporations, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maid of the Mist Corp. v. Commissioner
Docket No. 504-76.
United States Tax Court
T.C. Memo 1977-263; 1977 Tax Ct. Memo LEXIS 175; 36 T.C.M. (CCH) 1068; T.C.M. (RIA) 770263; August 11, 1977, Filed John G. Dowd, for the petitioners. Louis J. Zeller, Jr., for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge *176 : Respondent determined a deficiency of $11,881.61 in petitioners' 1972 income tax. The sole issue for decision is whether one of the petitioners ordered a steamship from a Canadian supplier while the investment tax credit on foreign produced goods was suspended. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioner Maid of the Mist Corporation is a New York corporation with its principal office located at Niagara Falls, New York, at the time of the filing of the petition herein. During 1972, Maid of the Mist Steamboat Co., Ltd. ("Ltd.") was a corporation existing under the laws of the Dominion of Canada with offices in Niagara Falls, Ontario, and was a wholly owned subsidiary of petitioner. For the taxable year 1972, petitioners elected to treat Ltd. as a domestic corporation. They filed a consolidated United States Corporation Income Tax Return with the Internal Revenue Service Center, Andover, Massachusetts. On December 16, 1971, James V. Glynn ("Glynn"), president and treasurer of petitioner Maid of the Mist Corporation and president *177 of Ltd., met with representatives of Hike Metal Products, Ltd., of Wheatley, Ontario ("Hike"). At this meeting, which took place in Port Dover, Ontario, a contract between Ltd. and Hike concerning the construction and purchase of a steamship was signed. The contract provided that $3,000 of the purchase price was to be paid to Hike upon signing. Although Glynn had a check for that amount in his possession during the December 16 meeting, he did not deliver it to Hike. Instead, he delivered a letter, which read as follows: We hand you herewith original and duplicate copy of contract for the construction of a vessel, duly executed by the Ship Owner. This contract is conditionally delivered to you and such delivery shall become final when you are in receipt of the Ship Owner's check payable to your order in the sum of $3,000.00. As you are aware, this contract contemplates the building of a ship which Ship Owner will be able to place in the Niagara River beneath the Falls of Niagara by the use of cranes. As of this date, the contract for such delivery has not been executed and it is anticipated that it will be executed within the next few days and, upon the acceptance of that *178 contract, the undersigned will forward to you the above-mentioned check. In the event that delivery of the contemplated vessel is not possible by crane, then it will be necessary for us to enter into a new contract, which will call for the building of the vessel and the delivery in parts to the Maid of the Mist Landing and its reassemblage at that point before launching. Therefore, the necessity of conditioning this delivery this date. On December 18, 1971, a contract for the delivery of the vessel was signed and Glynn mailed a check for $3,000 to Hike from an Ontario, Canada, post office box. Hike received this check on December 21, 1971. The vessel was delivered to Ltd. in June, 1972.
OPINION For the taxable year 1972, there was allowed a credit against tax equal to the "applicable percentage of the basis of each new section 38 property (as defined in section 48(b)) placed in service by the taxpayer during such taxable year." Sections 38(a), 46(c). [1] Section 48(a)(7) [2] provides that foreign manufactured property acquired pursuant to an order placed between August 16, 1971, and the termination of Proclamation 4074, 85 Stat. 926 (1971), is not property eligible for *179 the investment credit. By Proclamation 4098, 86 Stat. 1591 (1971), Proclamation 4074 was terminated as of December 20, 1971. The issue is whether the steamship in question was acquired pursuant to an order placed on or before December 20, 1971. *180 Section 1.48-1(o)(2)(i), Income Tax Regs., provides, in relevant part, as follows: An order is any directive, written or oral, to another person reasonably designed to effect the acquisition of property at a later date. An order need not be a binding contract. We have no doubt that Ltd. placed an order prior to December 20, 1971, within the meaning of this regulation. Irrespective of whether the December 16 agreement constituted a legally binding contract prior to Hike's receipt of the check, the mailing of the check on December 18 at the very least made the previously signed agreement an unconditional offer to purchase the vessel and therefore an "order" by Ltd. as of that date. Moreover, we think that Ltd. and Hike agreed to be bound by the December 16 agreement, subject only to Ltd's obtaining a contract for the delivery of the vessel. This was accomplished on December 18, 1971, so that, from that time onward, the parties were unconditionally bound. See McCool v. Grant & Dunn, 48 Ont. L.R. 630 (1921); Saskatchewan Co-op. Wheat Producers, Ltd. v. Zurowski, 3 D.L.R. 810 (1926, Sask. Ct. App.). See also 5 Williston on Contracts, sec. 663 (3d ed. 1961). *181 Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in question. ↩
2. Section 48(a)(7) provides in relevant part: SEC. 48(a)(7). Property completed abroad or predominantly of foreign origin.-- (A) In general.--Property * * * shall not be treated as section 38 property if-- (i) such property was completed outside the United States, or (ii) less than 50 percent of the basis of such property is attributable to value added within the United States. * * *
(B) Period of application of paragraph.-- Except as provided in subparagraph (D), sub- paragraph (A) shall apply only with respect to property described in section 50-- (i) the construction, reconstruction or erection of which by the taxpayer is begun after August 15, 1971, and on or before the date of termination of Proclamation 4074, or (ii) which is acquired pursuant to an order placed on or before the date of termination of Proclamation 4074, * * *.↩